ST. PETERSBURG LAND & LOAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34186. Promulgated June 29, 1932.

*James H. Hackney, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

TRAMMELL: This proceeding is for the redetermination of deficiencies in income tax of $2,273.22 and $2,541.41 for 1923 and 1924, respectively.

The deficiency notice was mailed to the petitioner on December 9, 1927, and on January 23, 1928, the petitioner filed its petition with the Board. On March 23, 1928, the respondent filed his answer. On March 26, 1928, a copy of the respondent's answer was served on the petitioner. Thereafter on August 28, 1929, the petitioner filed a motion to dismiss its petition. Hearing having been had on the motion on September 11, 1929, the Board on September 16, 1929, entered its order granting the petitioner's motion and dismissing the petition and determining deficiencies in the amounts set forth in the deficiency notice. No petition for review of the Board's order of September 16, 1929, was ever filed by either party.

On August 7, 1930, and almost eleven months after the entry of the Board's order of September 16, 1929, the petitioner filed a motion asking the Board to reinstate the proceeding and allow petitioner to proceed to trial of the cause on the merits. Thereafter, on August 26, 1930, the Board upon consideration of the petitioner's motion, entered an order revoking and setting aside its order of September 16, 1929, and restoring the proceeding to the general calendar for hearing in due course.

On September 12, 1930, the Board granted the petitioner's motion for leave to file an amended petition. On November 12, 1930, the respondent filed an answer to the amended petition.

On November 25, 1930, the Board, upon application of the petitioner, entered an order for the taking of depositions in the proceeding on December 11, 1930. Pursuant to the order depositions were duly taken on that date.

On March 21, 1932, the proceeding was called for hearing on the merits at Tampa, Florida, at which time the parties appeared and placed in evidence the depositions heretofore referred to, together with certain other documentary evidence.

While the respondent has not raised any question as to whether we now have jurisdiction to proceed to a determination of this proceeding on the merits, we think a disposition of that question is necessary before taking such action.

Section 906 of the Revenue Act of 1924, as amended by the Revenue Act of 1926, and as further amended by section 601 of the Revenue Act of 1928, provides:

(c) If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board * * *.

(d) A decision of the Board (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Board.

Section 1005 of the Revenue Act of 1926 provides:

(a) The decision of the Board shall become final—

(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time:

Section 1001 of the same act also provides:

(a) The decision of the Board rendered after the enactment of this Act * * * may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within six months after the decision is rendered.

Section 274 of the Revenue Act of 1926 also provides:

(b) If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector.

From the foregoing it is clear that when the Board entered its order of September 16, 1929, dismissing the petition, such order was to be considered as the decision of the Board that the correct amounts of the deficiencies were the amounts determined by the respondent. It was mandatory on the Board to specify in its order, as was done, that such amounts were the deficiencies. The date of the entry of the order, September 16, 1929, was, under the law, the date on which the Board's decision was rendered. Within six months from that date either party had the right to file a petition for review of the Board's action. But since neither party did so, the Board's order became final upon the expiration of six months after the date it was entered. The Board's order thus having become final, it was mandatory on the respondent to assess the amounts of the deficiencies specified therein and it was incumbent on the petitioner to make payment thereof upon notice and demand from the collector.

In view of the specific provisions of the statutes quoted above, the determination of any question relating to the petitioner's tax liability for the years in controversy under the facts and proceedings presented by this record passed from our hands upon the expiration of a period of six months from September 16, 1929. Our decision then became final, and we no longer had any jurisdiction with respect to it. Congress thus having prescribed the time within which our decisions shall become final, we are without authority in any way to modify or enlarge the time. Any action taken by us with respect to our decision in this proceeding after the expiration of the period fixed by the law is of no force and effect and therefore is not binding on either party. Accordingly our order inadvertently entered August 26, 1930, wherein it was stated that the order of dismissal entered by us on September 16, 1929, was revoked and set aside and the proceeding restored to the general calendar for hearing in due

course, was in error and was ineffective for the purpose stated therein. At the time of the entry of the order on August 26, 1930, our decision had been final for more than five months. Clearly, we did not have jurisdiction to take the action purported to be taken by the order, or any other action with respect to the determination of the petitioner's tax liability. The order of August 26, 1930, and all proceedings thereafter were, therefore, null and void and of no effect. Final order having been entered September 16, 1929, there is no occasion for any further order at this time.